1  CHRISTOPHER T. HELLUMS, Bar No.: HEL012
   DAVID J. HODGE, Bar No: HOD016
2  PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
   2001 Park Place North
3  1100 Park Place Tower
   Birmingham, AL 35203
4  Telephone: (205) 322-8880
   Facsimile: (205) 328-2711
5
   PHILLIP SHINN, Bar No. 112051
6  THORNTON TAYLOR BECKER & SHINN, LLP
   731 Sansome Street, Suite 300
7  San Francisco, CA 94111
   Telephone: (415) 421-8890
8  Facsimile: (415) 421-0688

9  Attorneys for Plaintiffs
   SCOTT BOOTH AND DAVID E. KING
10

11 DANIEL J. BERGESON, Bar No. 105439
   INA STANGENES, Bar No. 156559
12 JENNIFER A. LOTZ, Bar No. 196925
   BERGESON, LLP
13 303 Almaden Boulevard, Suite 500
   San Jose, CA 95110-2712
14 Telephone: (408) 291-6200
   Facsimile: (408) 297-6000
15 dbergeson@be-law.com
   istangenes@be-law.com
16 jlotz@be-law.com

17 Attorneys for Defendant
   QUANTUM3D, INC.
18

19                    UNITED STATES DISTRICT COURT
20
                     NORTHERN DISTRICT OF CALIFORNIA
21

22 SCOTT BOOTH AND DAVID E. KING,        Case No. C04-5376 EMC

23              Plaintiffs,
                                         STIPULATION ALLOWING PLAINTIFF
24 vs.                                   SCOTT BOOTH TO FILE HIS SECOND
                                         AMENDED COMPLAINT ~~AND EXTEND~~
25 QUANTUM3D, INC., et al,               ~~DEADLINES~~ *EC*
26
                Defendants.
27

28 ─────────────────────────────────────────────────────
   STIPULATION ALLOWING PLAINTIFF SCOTT BOOTH          C04-5376 EMC
   TO FILE HIS SECOND AMENDED COMPLAINT AND
   EXTEND DEADLINES

WHEREAS, on September 10, 2004, Plaintiff Scott Booth ("Booth") filed a Complaint against Defendants Quantum3D, Inc. ("Quantum3D") and CG², Inc. ("CG²") (collectively, "Defendants") in the Circuit Court of Madison County, Alabama; and

WHEREAS, on September 24, 2004, Quantum3D filed an Answer to Booth's Complaint; and

WHEREAS, this case was transferred to the United States District Court for the Northern District of California in or about December of 2004 and assigned to the Honorable Edward M. Chen in or about January of 2005; and

WHEREAS, on April 6, 2005, Defendants filed a Motion To Dismiss Booth's Complaint; and

WHEREAS, on May 11, 2005, Booth opposed Defendants' Motion To Dismiss and filed a First Amended Complaint; and

WHEREAS, on June 8, 2005, the Court granted Defendants' Motion To Dismiss resulting in the dismissal of Booth's claim for injunctive relief and of Defendant CG²; and

WHEREAS, on June 8, 2005, the Court dismissed Booth's First Amended Complaint in its entirety as to Quantum3D; and

WHEREAS, on August 15, 2005, pursuant to the Stipulation of the parties, the Court entered an Order allowing Quantum3D to file its First Amended Answer; and

WHEREAS, on September 28, 2005, pursuant to the Stipulation of the parties, the Court entered an Order allowing Plaintiff to file his First Amended Complaint adding David King as a party plaintiff.

WHEREAS, Booth further seeks to amend his existing Complaint, as it stands after the June 8, 2005 hearing on Defendants' Motion to Dismiss, to add Scott Passon as a party plaintiff; and

WHEREAS, Booth has advised Quantum3D of his intent to file an amended complaint and sought Quantum3D's stipulation to file his Second Amended Complaint attached hereto as Exhibit A; and

STIPULATION ALLOWING PLAINTIFF SCOTT BOOTH
TO FILE HIS SECOND AMENDED COMPLAINT AND
EXTEND DEADLINES

C04-5376 EMC

1    WHEREAS, the proposed amendment will not prejudice Quantum3D; and

2    WHEREAS, the proposed amendment is necessary and proper in this litigation; and

3    WHEREAS, on January 10, 2006, Quantum3D's counsel informed counsel for Booth that they would stipulate to the filing of the proposed Second Amended Complaint attached hereto as Exhibit A provided that the deadlines currently scheduled in this matter were extended for a period of approximately three months.

Accordingly, the parties hereby stipulate and agree as follows:

(1) Booth should be permitted to file the proposed Second Amended Complaint attached hereto as Exhibit A; and

(2) All deadlines currently scheduled in this matter shall be extended as follows ~~previously~~ ordered.

  a) ~~The March 20, 2006 deadline for completion of non-expert discovery shall be continued to May 5, 2006;~~

  b) The March 20, 2006 deadline for expert disclosure and reports shall be continued to June 2, 2006;

  c) The April 3, 2006 deadline for rebuttal expert disclosure and reports shall be continued to June 23, 2006;

  d) The April 17, 2006 deadline for completion of expert discovery shall be continued to July 19, 2006;

  e) The May 17, 2006 deadline for hearing any dispositive motions shall be continued to September 6, 2006. Dispositive motions shall be served and filed no later than thirty-five (35) days prior to the scheduled hearing date. Any opposition shall be served and filed no later than twenty-one (21) days prior to the hearing date. Any reply to the opposition shall be served and filed no later than fourteen (14) ~~days prior to the date of the hearing;~~

f) The June 27, 2006 deadline for meeting and conferring regarding (1) preparation and content of the joint pretrial conference statement; (2) preparation and exchange of pretrial materials to be served and lodged; and (3) settlement of the action shall be continued to September 29, 2006;

g) The July 7, 2006 deadline for (1) serving and filing a joint pretrial statement, (2) serving and filing trial briefs, motions *in limine*, and joint proposed findings of fact and conclusions of law, (3) serving and filing an exhibit setting forth the qualifications and experience for each expert witness, (4) serving and filing a list of each party's exhibits, (5) exchanging exhibits which shall be prepared and tabbed, and (6) delivering two sets of all prepared exhibits to chambers shall be continued to October 13, 2006;

h) The July 17, 2006 deadline for serving and filing: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert; and (3) any opposition to a motion *in limine* shall be continued to October 23, 2006;

i) the July 26, 2006 pretrial conference shall be continued to November 1, 2006 at 3:00 p.m. in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California; and

j) the August 7, 2006 trial date shall be continued to November 13, 2006 at 8:30 a.m. in Courtroom C, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California..

SO STIPULATED.

- 4 -

STIPULATION ALLOWING PLAINTIFF SCOTT BOOTH TO FILE HIS SECOND AMENDED COMPLAINT AND EXTEND DEADLINES

C04-5376 EMC

| | | |
|---|---|---|
| 1 | DATED: January 25, 2006 | PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C. |
| 2 | | |
| 3 | | |
| 4 | | By: _____ |
| 5 | | David Hodge |
| 6 | | Attorneys for Plaintiffs SCOTT BOOTH, DAVID E. KING, and SCOTT PASSON |
| 7 | | |
| 8 | | |
| 9 | DATED: January 25, 2006 | THORNTON, TAYLOR, BECKER & SHINN, LLP |
| 10 | | |
| 11 | | By: _____ |
| 12 | | Philip Shinn |
| 13 | | Attorneys for Plaintiffs SCOTT BOOTH, DAVID E. KING, and SCOTT PASSON |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | DATED: January 24, 2006 | BERGESON, LLP |
| 18 | | |
| 19 | | By: _____ |
| 20 | | Jennifer A. Lotz |
| 21 | | Attorneys for Defendants QUANTUM3D, INC. and CG², INC. |
| 22 | | |
| 23 | | |
| 24 | PURSUANT TO STIPULATION, IT IS SO ORDERED. | |
| 25 | | |
| 26 | DATED: February 9, 2006 | |
| 27 | | HON. EDWARD M. CHEN UNITED STATES DISTRICT JUDGE Magistrate |
| 28 | | |

- 5 -

STIPULATION ALLOWING PLAINTIFF SCOTT BOOTH
TO FILE HIS SECOND AMENDED COMPLAINT AND
EXTEND DEADLINES

C04-5376 EMC

1  CHRISTOPHER T. HELLUMS, Bar No.: HEL012
   DAVID J. HODGE, Bar No: HOD016
2  PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
   2001 Park Place North
3  1100 Park Place Tower
   Birmingham, AL 35203
4  Telephone: (205) 322-8880
   Facsimile: (205) 328-2711
5  Chrish@pittmanhooks.com
   Davidh@pittmanhooks.com
6
   PHILLIP SHINN, Bar No. 112051
7  THORNTON TAYLOR BECKER & SHINN, LLP
   731 Sansome Street, Suite 300
8  San Francisco, CA 94111
   Telephone: (415) 421-8890
9  Facsimile: (415) 421-0688
   pshinn@thornton-taylor.com
10
   Attorneys for Plaintiffs
11 SCOTT BOOTH, DAVID E. KING,
   and SCOTT PASSON
12

13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15

16
   SCOTT BOOTH,                          Case No. C04-5376 EMC
17
              Plaintiff,
18                                       **PLAINTIFF'S SECOND
   vs.                                   AMENDED COMPLAINT**
19
20 QUANTUM3D, INC., et al,

21            Defendants.

---

PLAINTIFF'S SECOND AMENDED COMPLAINT                    C04-5376 EMC

EXHIBIT A

1. COMES NOW the Plaintiff, Scott Booth, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and amends his existing Complaint as follows:

**PARTIES**

1. Plaintiff, SCOTT BOOTH, is a resident of Madison County, Alabama and is over the age of nineteen years.
2. Plaintiff, DAVID E. KING, is a resident of Madison County, Alabama and is over the age of nineteen years.
3. Plaintiff, SCOTT PASSON, is a resident of Madison County, Alabama and is over the age of nineteen years.
4. Defendant, QUANTUM3D, INC., is a foreign corporation doing business in the state of Alabama.

**FACTS**

5. SCOTT BOOTH, DAVID E. KING and SCOTT PASSON were $CG^2$, INC. shareholders. $CG^2$, INC. provided various consulting services regarding, among other things, visual reality modeling.
6. In 2002, $CG^2$, INC. was approached by defendant QUANTUM3D, INC. about QUANTUM3D, INC. acquiring $CG^2$, INC.
7. On July 3, 2002, QUANTUM3D, INC. acquired plaintiffs' interests in that entity.
8. When QUANTUM3D, INC. acquired plaintiffs' interests in $CG^2$, INC., the parties stipulated that if any of the provisions of the acquisition agreement were breached, irreparable damage would occur. The agreement further provided that the parties would be entitled to injunctive relief to prevent breaches of said agreement and the ensuing irreparable harm. (See attached Exhibit A, Section 8.10)
9. As part of the acquisition agreement, SCOTT BOOTH and DAVID E. KING received 471,359 shares of QUANTUM3D, INC. common stock and SCOTT PASSON received 20,677

1  shares of QUANTUM3D, INC. common stock. The acquisition agreement provided that on the
2  three year anniversary of the closing date, SCOTT BOOTH, DAVID E. KING or SCOTT
3  PASSON could require QUANTUM3D, INC. to buy all or a portion of his Quantum common
4  stock at a per share price of $ 3.00. This provision was referred to as "put rights". The total value
5  of SCOTT BOOTH and DAVID E. KING's "put rights" under this provision equals
6  $1,414,077.00. The total value of SCOTT PASSON's "put rights" under this provision equals
7  $ 62,031.00.
8  10.    Defendants have no intention of honoring the "put rights" obligation and have directly
9  indicated that plaintiffs are not entitled to the full value of their "put rights".

## COUNT I

### Declaratory Judgment

11.    Plaintiffs adopt and incorporate by reference paragraphs 1-10 of their complaint as if the same were fully set out herein.

12.    By reason of defendants' indications that they will not honor these "put rights", plaintiffs respectfully request that this court declare and adjudge that the plaintiffs are entitled to the full value of the "put rights" as agreed to by these defendants in the original acquisition agreement. Specifically, that SCOTT BOOTH is entitled to $ 1,414,077.00; DAVID E. KING is entitled to $ 1,414,077.00; and SCOTT PASSON is entitled to $ 62,031.00.

WHEREFORE, the plaintiffs ask that this Court, through its equitable powers, to enter a declaratory judgment declaring these defendants must honor its "put rights" obligations to plaintiffs.

| | | |
|---|---|---|
| 2 | DATED: January ___, 2006 | PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C. |

By:_____
David Hodge

Attorneys for Plaintiffs
SCOTT BOOTH, DAVID E. KING, and
SCOTT PASSON

DATED: January ___, 2006        THORNTON TAYLOR BECKER & SHINN, LLP

By:_____
Phillip Shinn

Attorneys for Plaintiffs
SCOTT BOOTH, DAVID E. KING, and
SCOTT PASSON